Case: 3:02-cr-00105-bbc Document #: 293 Filed: 02/25/04 Page 1 of 5

Doc. Filed: 293

Case Number 02-CR-0105-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/25/2004 04:22:09 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 02-CR-105-C |
| ) | |
| DAVID HAMPTON TEDDER, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| ) | |
| BANK OF AMERICA, N.A. and ) | |
| CHALLENGE REALTY, INC., ) | |
| ) | |
| Garnishee Defendants. ) | |

**UNITED STATES' OBJECTION TO CHALLENGE REALTY'S
ANSWER TO WRIT OF GARNISHMENT**

The United States of America, by its attorney, J.B. Van Hollen, United States Attorney for the Western District of Wisconsin, by Heidi L. Luehring, Assistant United States Attorney for that district, objects to Challenge Realty's Answer to Writ of Garnishment. Therefore, the United States requests a hearing pursuant to 28 U.S.C. § 3205(c)(5). The United States waives its right to have the hearing held within 10 days after this request is received by the Court. The grounds for the United States' objections are as follows:

1. The United States objects to Paragraph 1 of Challenge Realty's Answer. Challenge Realty objects to the form of the United States' Application for Writ of

Garnishment.  Pursuant to 28 U.S.C. § 3205(c)(5), only the judgment debtor or the United States may file a written objection.  The garnishee's written answer to the writ of garnishment is limited to the following four elements:

    (A)    whether the garnishee has custody, control or possession of such property;

    (B)    a description of such property and the value of such interest;

    (C)    a description of any previous garnishments to which such property is subject and the extent to which any remaining property is not exempt; and

    (D)    the amount of the debt the garnishee anticipates owing to the judgment debtor in the future and whether the period for payment will be weekly or another specified period.

28 U.S.C. § 3205(c)(4).

2. The United States objects to Paragraph 2 of Challenge Realty's Answer.  Challenge Realty objects because the United States' Application for Writ of Garnishment names two garnishee defendants in the same writ.  The United States objects because Challenge Realty is a garnishee defendant and only the judgment debtor may file an objection.  *See* 28 U.S.C. § 3205(c)(5).

3. The United States objects to Paragraph 3 of Challenge Realty's Answer.  Based upon David Hampton Tedder's ("Tedder") trial testimony, Challenge Realty has

in its custody, control or possession property in which Tedder has more than a 1/7th beneficial interest.  Challenge Realty is the alter ego of Tedder.

    4.    The United States objects to Paragraph 4 of Challenge Realty's Answer. Challenge Realty is Tedder's alter ego, therefore, all of Challenge Realty's property is Tedder's property.

    5.    The United States objects to Paragraph 5 of Challenge Realty's Answer. Tedder is the settlor of the Hampton Ultra Trust.  His transfer of 100% of the outstanding stock of Challenge Realty to the Hampton Ultra Trust is a fraudulent transfer.  The Hampton Ultra Trust is a sham trust and was established solely for the purpose of protecting Challenge Realty's property from collection by the United States. Challenge Realty is the alter ego of Tedder.

    6.    The United States objects to Paragraph 6 of Challenge Realty's Answer. The United States objects upon the same grounds as set forth in Paragraph 5.

    7.    The United States objects to Paragraph 7 of Challenge Realty's Answer. Challenge Realty is the alter ego of Tedder.  Upon information and belief, Tedder controls all payments and transfers of Challenge Realty's assets and property.

    8.    The United States objects to Paragraph 8 of Challenge Realty's Answer. Based upon the evidence presented at trial and evidence that will be presented at a hearing, Challenge Realty has historically paid more than $55,000.00 per month on behalf of Tedder.  It is irrelevant that Challenge Realty has not directly paid Tedder any

money since his incarceration. Challenge Realty, Tedder's alter ego, continues to make payments to benefit Tedder and his family.

9. In response to Challenge Realty's motion for clarification, the United States requests a stay of the writ of execution and garnishment proceedings for a period of 120 days. During this time, the United States will conduct discovery on Tedder's and Challenge Realty's assets, including but not limited to a history of their ownership and control. The United States will also conduct discovery on the interested parties' alleged interest in the real properties and the Hampton Ultra Trust. The status of Challenge Realty as Tedder's alter ego, a sham trust, and a substitute asset for the criminal forfeiture will determine many if not all of the ownership issues being litigated in the writ of execution and garnishment proceedings. Therefore, the United States is simultaneously requesting a stay of the writs of execution and garnishment proceedings. If the Court would like any further information, then the United States requests that it set a scheduling conference at its earliest convenience.

Dated this  25th  day of February, 2004.

                                        Respectfully submitted,

                                        J.B. VAN HOLLEN
                                        United States Attorney

                                        By:

                                              /s/
                                        HEIDI L. LUEHRING
                                        Assistant United States Attorney
                                        660 W. Washington Avenue, Suite 303
                                        P.O. Box 1585
                                        Madison, Wisconsin 53701-1585
                                        608/264-5158
                                        Fax 608/264-5724