Document Number  Case Number
02-CR-0105-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/17/2006 04:57:05 PM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 02-CR-105-C |
| | ) |
| DAVID HAMPTON TEDDER | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S MOTION FOR ENTRY OF A
FINAL ORDER OF FORFEITURE

The United States of America, by its attorneys, Stephen P. Sinnott, United States Attorney for the Western District of Wisconsin, and Daniel J. Graber, Assistant United States Attorney, hereby moves this Court for entry of a final order of forfeiture. This motion is made pursuant to 18 U.S.C. § 982, and Rule 32.2(c) of the Federal Rules of Criminal Procedure. The government makes this request based upon the following:

1.  On June 10, 2003, a jury convicted defendant Tedder of Counts One, Two, Five and Six of the superseding indictment. Count One charged conspiracy to violate the wire wagering act. Count Two charged conspiracy to money launder. Counts Five and Six charged Tedder with substantive money laundering. After finding Tedder guilty of Count Two, the jury considered Count Seven, which charged criminal forfeiture of laundered proceeds in the amount of $10,662,179. The jury ordered forfeiture in the amount of $7,288,090.49.

2.  On August 6, 2003, the Court held a hearing on defendant's Rule 29

motion on Count Seven. After hearing from the parties, the Court ordered that all double-counted money laundering transactions be subtracted from the criminal forfeiture amount. This reduced the forfeiture from $7,288,090.49 to $2,765,052. The Court further ruled that because the government could prove that Tedder transferred $1,714,062 in laundered proceeds from Gold Medal to Challenge Realty, Tedder was required to immediately forfeit $1,714,062 from Challenge Realty.

3. On August 18, 2003, the Court sentenced Tedder to sixty months in prison. The Court imposed a fine of $1,060,140.42, and ordered forfeiture of $2,765,052.

4. On August 26, 2003, the Court entered a Preliminary Order of Forfeiture against defendant Tedder. The Court ordered the following:

   a. "The defendant shall forfeit $2,765,052 in money laundering proceeds to the United States of America.

   b. The defendant shall immediately forfeit $1,714,062 from Challenge Realty because this amount represents money laundering proceeds from GMS which were transferred by the defendant into Challenge Realty.

   c. The remaining $1,050,990 represents a personal money judgment against the defendant.

   d. The government may forfeit the defendant's substitute assets to satisfy the personal money judgment.

2

      e.      The government is authorized to conduct discovery pursuant to Rule 32.2(b)(3) to identify and locate the defendant's substitute assets."

5.      Because Tedder failed to pay any money to satisfy his judgments, on December 16, 2003, the government requested a Writ of Execution pursuant to 28 U.S.C. 3203(c)(1) to satisfy his unpaid judgment of $1,060.140.32 for the fine, interest of $3,515,31, penalties of $106,014.03 and $2,765,052 for the criminal forfeiture. The government requested permission to levy on eight pieces of real property. The Court granted the Writ of Execution on December 18, 2003.

6.      On December 16, 2003, the government also requested a Writ of Garnishment on multiple bank accounts associated with defendant Tedder, or his companies: Challenge Realty, Hampton Claire, DTI Limited, Van Cleave LLC, Grand Oliver LP, Van Dan LP. The Court granted the Writ of Garnishment on December 18, 2003.

7.      On February 25, 2004, the government filed a Motion to Stay the Writs of Execution and Garnishment Proceedings, to allow the parties to conduct discovery, especially as it related to Tedder's ownership of Challenge Realty, which appeared to be his known main asset.

8.      On March 5, 2004, the government accepted Challenge Realty offer to

enter into a payment plan as follows: (a) Challenge pays $500,000 immediately into the court's registry; (b) Challenge pays $150,000 a month into the court's registry by the 25th of each succeeding month; (c) Challenge pays a total of $4,097,279.84, which is made up of a criminal forfeiture judgment against the defendant of $2,765,052, a fine of $1,060,140.32, and interest and penalties of $272,087.52. In exchange, the government agreed that it would not pursue any other collection efforts against Challenge Realty provided that it met its payments on of before the 25th of every month for the next 24 months. The government also agreed that any funds received from the sale of the Winter Park, Florida property and the West Linn, Oregon property would be paid into the court's registry and applied to the defendant's fine. The agreement also allowed the government to continue to pursue the defendant's other assets. Finally, the parties agreed that if any payments were missed, the government could move immediately to forfeit Challenge Realty as a substitute asset of David Tedder's.

9. On March 15, 2004, the parties submitted a stipulated request to use the Court's registry account, so that the funds collected under the above-stated payment plan would remain under the control of the Court pending resolution of the defendant's direct criminal appeal. The parties agreed that no interest would accrue on the balance and the prevailing party after the direct appeal could move the Court to release the

funds consistent with the outcome of the direct appeal. The Court granted this motion on March 18, 2004.

10. On April 6, 2005, the Seventh Circuit Court of Appeals entered judgment in favor of the government, but with a limited remand for resentencing consistent with the court's recomputation of the sentencing guidelines. The mandate issued on April 28, 2005.

11. On May 23, 2005, Tedder attempted to recall the mandate and obtain leave to file a Petition for Rehearing Out of Time with the Seventh Circuit, however, the court of appeals denied this motion on May 26, 2005.

12. On September 6, 2005, Tedder filed a Petition for a Writ of Certiorari with the Supreme Court. However, because Tedder did not obtain a stay of the mandate, this Court retained jurisdiction over the criminal case, including the forfeiture and collection of funds.

13. On November 1, 2005, the Court entered an order releasing the fine and forfeiture funds held in the Court's registry account. The Court ordered that the monies be disbursed as follows:

    a. Apply $1,060,140.32 to pay off the fine. Apply $9,369.98 to pay off the interest on the fine. Apply $265,035.07 to pay off the penalty for failure to pay the

5

fine. All of these monies were moved from the registry to the victim-witness fund. After application of these funds, defendant Tedder's fine was paid off in its entirety.

        b.     Apply the remaining $474,279.93 towards the criminal forfeiture amount, thereby leaving an unpaid criminal forfeiture amount of $2,290,772.07.

14.     On November 18, 2005, the district court held a resentencing hearing. Tedder received the same sentence as originally imposed. The Court found a sixty-month sentence was necessary to hold Tedder accountable for his serious criminal conduct, to achieve parity with similarly situated defendants, and to provide as much protection for the public as possible.

15.     On February 1, 2006, the government received a check for $2,290,772.07 from Tedder, which paid off the balance of the criminal forfeiture judgment. After application of these funds, defendant Tedder's criminal forfeiture money judgment was paid off in its entirety.

16.     Pursuant to Rule 32.3(c)(2), the may enter a final order of forfeiture, amending the preliminary order of forfeiture, after conducting an ancillary hearing on any third-party petitions. In this case, no ancillary proceedings were required because the forfeiture consisted solely of a money judgment. Now that Tedder has completely paid off the forfeiture money judgment, the Court can enter the final order of forfeiture.

17.     Based on the above, the United States asks this Court to enter a final order of forfeiture pursuant to 18 U.S.C. § 982 and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: __2-17-06__

                                              Respectfully submitted,

                                              STEPHEN P. SINNOTT  
                                              United States Attorney

By:    *Dan Graber*  
        DANIEL J. GRABER  
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) <br> ) Case No. 02-CR-105-C |
| DAVID HAMPTON TEDDER, | ) <br> ) |
| Defendant. | ) <br> ) |

CERTIFICATE OF SERVICE BY MAIL

Sharon Martin hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Wisconsin and is a person of such age and discretion as to be competent to serve papers.

That on Friday, February 17, 2006, she served a copy of the attached Government's Motion for Entry of a Final Order of Forfeiture and proposed Final Order of Forfeiture by placing said copies in a postpaid envelope addressed to the person hereinafter named at the place and address stated below which is the last known address, and by depositing said envelope and contents in the United States Mail. Addressee:

David Hampton Tedder
20982-424
CI Taft
Correctional Institution
P.O. Box 7001
Taft, CA 93268

*Sharon Martin* (signature)
SHARON MARTIN